## JOHN WILLIAMS *v.* THE STATE.

1. CONFESSIONS. — It is a general rule that statements made by the accused after his arrest, unless he is warned as provided by art. 750, Code of Crim. Proc., cannot be received in evidence against him.

2. SAME. — It is now a settled principle of law that when the confession of a main fact is inadmissible, confession of collateral facts tending to establish the main fact are likewise inadmissible.   See this case for an application of the rule.

APPEAL from the District Court of Washington.   Tried below before the Hon. I. B. McFARLAND.

The indictment charged the theft, in Washington county on the 7th day of February, 1880, from Tom Dever, of one bay horse, and three bay mares.   The verdict found the appellant guilty, and assessed his punishment at a term of five years in the State penitentiary.

The only question in dispute in this case was the admission in evidence of the statements of the accused to the officer after his arrest, without being first warned that they could be used against him on his trial.   One statement was that he got the horses from a Mexican,

another that he got them in Colorado county, and still another that he got them from a negro. These state-ments were admitted over the defendant's objection.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. Over objection of defendant the State was allowed to prove the statements made by him to the deputy sheriff of Fort Bend after his arrest and whilst in custody of that officer, with regard to the manner and the persons from whom he, defendant, had acquired possession of the stolen horses. He was under arrest at the time these statements were made, and was not warned or cautioned as is required by statute to make a con-fession so made admissible as evidence. Code Crim. Proc. art. 750. But it is said the statements so made were not confessions in fact, but independent statements not only not amounting to confessions of guilt but on the contrary made as defendant supposed in his own interest. The State, however, was seeking to use them for the pur-pose of showing that defendant had positively contra-dicted himself in these statements, with regard to the persons from whom he had acquired said horses, and in that manner establish his guilt by his own declarations.

The rule is now well settled in this State, that when the confession of a main fact is inadmissible a confession of collateral facts tending to establish the main fact is like-wise inadmissible. *Haynie* v. *State,* 2 Texas Ct. App. 168; *Taylor* v. *State,* 3 Texas Ct. App. 387; *Marshall* v. *State,* 5 Texas Ct. App. 273; *Nolen* v. *State,* 9 Texas Ct. App. 419; Clark's Crim. Laws of Texas, art. 1570, and note.

For error in admitting the evidence, the judgment is reversed and the cause remanded.

*Reversed and remanded.*